Malcolm S. McNeil (SBN 109601)
**ARENT FOX LLP**
555 West Fifth Street, Forty-Eighth Floor
Los Angeles, California 90013
Telephone: (213) 443-7656
Facsimile: (213) 629-7401

*Attorneys for Vanguard Medical*
*Management Billing, Inc., et al.*

[ADDITIONAL PARTIES AND
COUNSEL ON NEXT PAGE]

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| VANGUARD MEDICAL MANAGEMENT BILLING, INC., a California corporation; ONE STOP MULTI-SPECIALTY MEDICAL GROUP, INC., a California corporation; ONE STOP MULTI-SPECIALTY MEDICAL GROUP & THERAPY, INC., a California corporation; NOR CAL PAIN MANAGEMENT MEDICAL GROUP, INC., a California corporation; EDUARDO ANGUIZOLA, M.D., an individual; and DAVID GOODRICH, in his capacity as Chapter 11 Trustee, | Case No. |
| | **CIVIL RIGHTS COMPLAINT FOR DECLARATORY, INJUNCTIVE OR OTHER RELIEF: 42 U.S.C. § 1983 (FIFTH, SIXTH AND FOURTEENTH AMENDMENTS; ARTICLE 1, SECTION 10, CLAUSE 1 OF THE US CONSTITUTION (CONTRACT CLAUSE); ARTICLE 6, CLAUSE 2 OF THE US CONSTITUTION (SUPREMACY CLAUSE))** |
| Plaintiffs, | |
| vs. | |
| | **CALIFORNIA CONSTUTITION: ARTICLE I, SECTION 15 (RIGHT TO COUNSEL); ARTICLE 1, SECTION 9 (CONTRACT CLAUSE); ARTICLE 1, SECTION 7 (DUE PROCESS), ARTICLE 1, SECTION 19 (TAKINGS CLAUSE)** |
| CHRISTINE BAKER, in her official capacity as Director of the California Department of Industrial Relations; GEORGE PARISOTTO, in his official capacity as Acting Administrative Director of the California Division of Workers Compensation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Malcolm S. McNeil (SBN 109601)
**ARENT FOX LLP**
555 West Fifth Street, Forty-Eighth Floor
Los Angeles, California 90013
Telephone: (213) 443-7656
Facsimile: (213) 629-7401

*Attorneys for Vanguard Medical
Management Billing, Inc., One
Stop Multi-Specialty Medical Group,
Inc., One Stop Multi-Specialty
Medical Group & Therapy, Inc.,
Nor Cal Pain Management Medical
Group, Inc., and Eduardo Anguizola, M.D.*

M. Cris Armenta (SBN 177403)
Credence Sol (SBN 219784)
**THE ARMENTA LAW FIRM APC**
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Telephone: (310) 826-2826 x108
Facsimile: (310) 695-2560

*Attorneys for Vanguard Medical
Management Billing, Inc., One
Stop Multi-Specialty Medical Group,
Inc., One Stop Multi-Specialty
Medical Group & Therapy, Inc.,
Nor Cal Pain Management Medical
Group, Inc., and Eduardo Anguizola, M.D.*

Victor A. Sahn (SBN 97299)
Mark S. Horoupian (SBN 175373)
Jason D. Balitzer (SBN 244537)
**SULMEYER KUPETZ, APC**
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: (213) 626-2311
Facsimile: (213) 629-4520

*Attorneys for David M. Goodrich,
Chapter 11 Trustee for Allied Injury
Management, Inc.*

## JURISDICTION AND VENUE

1. This is a facial challenge to the constitutionality of California Labor Code Section 4615 seeking injunctive relief pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Contract Clause of the United States Constitution, and the Supremacy Clause of the United States Constitution, along with the corresponding provisions of the California Constitution, Article I, § 15 (Right to Counsel), Article I, § 9 (Contract Clause), Article I, § 7 (Due Process Clause), and Article I, § 19 (Takings Clause).  Jurisdiction exists pursuant to 23 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law.  Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.  Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendants because all Defendants have "continuous, systematic" ties to California and/or reside in California.

3. Venue is proper in the Central District because a substantial part of the acts and omissions giving rise to the claims occurred in the Central District and because the California Attorney General has an office in this District. Straus Family Creamery v. Lyons, 219 F.Supp.2d 1046, 1048 (N.D. Cal. 2002) (noting that venue in a suit against a state agency is appropriate in any city in which the Attorney General has an office).

4. Assignment to the Eastern Division is proper because a plurality of the Plaintiffs in this action reside in the Eastern Division, per General Order 16-15 § I.B.a(1)(c).  Moreover, all of the acts and omissions giving rise to Plaintiff David Goodrich's claims occurred in the Eastern Division.  See id. (setting forth division assignment rules).

**PRELIMINARY STATEMENT**

5.      Labor Code Section 4615 represents California's legislative response to complaints by local District Attorneys that defendants who were merely charged, but not convicted, of medical fraud offenses, were using income from their professional practices to pay for their legal defense.  Although the prosecutors' desire to gain an advantage in the courtroom is undoubtedly sincere, "[a] strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way."  Horne v. Department of Agriculture, 135 S.Ct. 2419 (2015).  "[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire."  Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989).

6.      In deference to the prosecutors' wishes, the California Legislature passed a wide-sweeping law that cut off the rights of the charged medical providers—and uncharged parties associated with those providers—to income or receivables based on liens for services rendered over a span of many years and for services wholly unrelated to the criminal charges at hand.

7.      More than 110 providers of medical services who were criminally charged (but who cases have not yet been adjudicated) and numerous providers associated with these charged providers are now unable to collect on their receivables.  This condition severely limits the providers' right to retain their choice of counsel, in violation of the Sixth Amendment of the United States Construction.

8.      Entities or third parties who purchased receivables for good value under valid contracts are now likewise stopped from enforcing their contractual rights, violating the Contract Clause of the United States Constitution and the California Constitution.

9.      At least one Trustee appointed by the United States Bankruptcy Court (C.D. Cal. (Eastern Division)) is now impaired from collecting on receivables owed

to the Debtor, despite the fact that it is only the Bankruptcy Court that has the power to impair contracts.  This intrusion into the affairs of the federal Bankruptcy Court and the Trustee violates both the Contract Clause and the Supremacy Clause of the United States Constitution and the Contract Clause of the California Constitution.

10.    Because Labor Code Section 4615 affords no right to a hearing and brooks no exceptions, the California Legislature has also violated the Due Process Clause of the Fifth and Fourteenth Amendments and the Due Process Clause of the California Constitution.

11.    Based on the circumstances of this case, Labor Code Section 4615 also effects an unconstitutional taking under the Takings Clause of the United States Constitution and the California Constitution.

## **THE PARTIES**

12.    Plaintiff David Goodrich, who is suing in his capacity as Chapter 11 Trustee in the case of <u>In Re Allied Medical Management, Inc.</u>, Case No. 6:16-BK-14273-MH (Bktcy. C.D. Cal.) ("In re Allied"), which is proceeding before the United States Bankruptcy Court in the Eastern Division of the Central District, is a resident of Los Angeles County, California.  Mr. Goodrich's ability to perform his duties as Bankruptcy Trustee in the <u>In re Allied</u> matter has been impeded by the implementation of Labor Code Section 4615.  The Debtor in that case, Allied Medical Management, Inc., is a resident of Rancho Cucamonga, California, which is within the Eastern Division.  The bankruptcy is pending in the Eastern Division before Hon. Mark Houle.

13.    Plaintiff Vanguard Medical Management Billing, Inc., is a California corporation that does business in Los Angeles County, California. Vanguard is a purchaser of certain receivables related to medical treatment rendered to workers' compensation patients.  Some of those receivables were purchased from medical providers who have been charged with, but not convicted of, a crime involving medical fraud.  Others were purchased from medical practices that employed both

charged and uncharged providers.  Since the implementation of Labor Code
Section 4615, Vanguard has been prevented from collecting on those liens, most of
which represent various insurers' contractual agreements to pay for medical
treatment rendered to injured California workers.

14.     Plaintiff Eduardo Anguizola, M.D., lives and practices medicine in
Orange County, California.  Dr. Anguizola is 66 years old and has been treating
injured workers in the area of pain management for decades.  He is highly
respected in both the medical community and the Latino community for his work
providing needed care to injured workers.  Dr. Anguizola's patients are frequently
low- to middle-income Spanish speakers.  Dr. Anguizola was indicted on June 14,
2014, on a single count of insurance fraud.  After the Orange County District
Attorney expanded the indictment to a staggering 149 felony counts, the California
Court of Appeal ordered the charges set aside because Dr. Anguizola (along with
other overcharged defendants) was entitled to a finding of probable cause as to
each count.  All of the charges were dismissed on June 28, 2016.  The Orange
County DA then filed 80 new counts against Dr. Anguizola (and many others).  Dr.
Anguizola has not pled guilty to any charges, has not had a preliminary hearing,
and does not have a trial date.  Because of the mere fact that charges have been
filed, all lien debt owed to Dr. Anguizola has been frozen.  In addition, all lien debt
owed to any medical practices owned by Dr. Anguizola has been frozen, even
when the liens at issue related to treatment provided by other, uncharged providers.
As a direct result of the lien freeze, Dr. Anguizola's financial situation is dire, and
he cannot afford to mount a defense to the charges and his choice of counsel for a
defense.  It is estimated that a defense of the charges will cost Dr. Anguizola a
minimum of $250,000-$300,000, plus expert witness fees, excluding any appellate
fees and costs.  Because of the freeze, Dr. Anguizola and his medical practices no
longer see workers' compensation patients, and almost all of those patients have
lost their primary treating physician.  Because of the freeze, Dr. Anguizola cannot

presently afford to mount a defense to the currently pending charges and (at 66 years old, after a long and steady medical practice that represents his life's work) must plead to what appear to be meritless charges and spend the rest of his life in some combination of confinement and probation, potentially lose his medical license, and suffer the ruin of his reputation and his finances, affecting not only him but also his family, patients, colleagues and employees, all of whom depend on him.

15.     Plaintiff One Stop Multi-Specialty Medical Group, Inc. ("OSM"), is a California corporation with its principal place of business in Riverside County, California.  OSM is a health care provider that operates as a billing entity for Dr. Anguizola and other doctors.  It has filed workers' compensation liens related to treatment rendered by Dr. Anguizola and other doctors.  All of its liens, including liens for treatment by doctors who have not been charged with any species of fraud or wrongdoing, have been frozen as a result of the implementation of Labor Code Section 4615.  These liens are currently being pursued by the Chapter 11 Trustee and are presently an asset of the In re Allied bankruptcy estate, for which OSM and Dr. Anguizola are creditors.

16.     Plaintiff One Stop Multi-Specialty Medical Group & Therapy Group, Inc. ("OST"), is a California corporation with its principal place of business in Riverside County, California. OST is a health care provider that operates as a billing entity for Dr. Anguizola and other doctors.  It has filed workers' compensation liens related to treatment rendered by Dr. Anguizola and other doctors.  All of its liens, including liens for treatment by doctors who have not been charged with any species of fraud or wrongdoing, have been frozen as a result of the implementation of Labor Code Section 4615.  These liens are currently being pursued by the Chapter 11 Trustee and are presently an asset of the In re Allied bankruptcy estate, for which OST and Dr. Anguizola are creditors.

17.     Plaintiff Nor Cal Pain Management Medical Group, Inc. ("Nor Cal"),

is a California corporation with its principal place of business in Riverside County, California.  Nor Cal is a health care provider that operates as a billing entity for Dr. Anguizola and other doctors. It has issued workers' compensation liens related to treatment rendered by Dr. Anguizola and other doctors.  All of its liens, including liens for treatment by doctors who have not been charged with any species of fraud or wrongdoing, have been frozen as a result of the implementation of Labor Code Section 4615. These liens are currently being pursued by the Chapter 11 Trustee and are presently an asset of the <u>In re Allied</u> bankruptcy estate, for which Nor Cal and Dr. Anguizola are creditors

18.    Defendant Christine Baker is sued in her official capacity as Director of the California Department of Industrial Relations.  Director Baker's official duties include coordinating and overseeing the department's divisions, boards and commissions, lobbying for favorable legislation, and ensuring enforcement of the laws related to the Department.

19.    Defendant George Parisotto is Acting Administrative Director of the California Department of Workers Compensation.  Acting Director Parisotto's official duties include promulgating notices, regulations and directives within the Workers Compensation System, lobbying for favorable legislation and ensuring enforcement of the laws related to the Department.

20.    Each of the Defendants, their employees and agents, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiffs.  Each acted in concert with each other. The challenged acts caused the violation of Plaintiffs' rights.

21.    Plaintiffs lack knowledge of the true names and capacities of the defendants sued herein as DOES 1-10, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe that each

of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein alleged. Plaintiffs will amend this complaint to allege those defendants' true names and capacities when they have been ascertained.

**NATURE OF DISPUTE**

22.     This action pursuant to 42 U.S.C. § 1983 seeks (1) a declaration that Labor Code 4615, which stays all liens to medical providers who have been merely charged and not convicted of any crimes, is unconstitutional under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, the Contract Clause of the United States Constitution, the Supremacy Clause of the United States Constitution, and parallel provisions of the California Constitution; and (2) a preliminary injunction preventing the Defendants from enforcing that statute.

23.     Plaintiffs are providers of medical services who have provided treatment to injured workers and hold liens under California's Worker's Compensation system, purchasers of those liens, and a Chapter 11 Trustee appointed by the United States Bankruptcy Court who is charged with pursuing and enforcing those liens.

24.     To enforce the rights afforded by the United States and California Constitutions, Plaintiffs bring this suit pursuant to 42 U.S.C. §1983 for declaratory and injunctive relief against the enforcement of California's Labor Code Section 4615. Plaintiffs also seek to recover all their attorneys' fees, costs and expenses incurred in this action and any other relief that this Court may order.

**BACKGROUND**

25.     The purpose of California's workers compensation system is to benefit injured workers. The Workers' Compensation Appeals Board (WCAB) adjudicates workers' eligibility and benefits. A doctor who treats a worker whose claim is disputed files a lien with the WCAB to require the insurer to pay. This 100-year-old system is the only avenue of compensation for medical professionals

CIVIL RIGHTS COMPLAINT

and ancillary providers who help injured workers.  Indeed, medical providers who treat injured workers are legally prohibited from collecting their fees for professional services (or ancillary services) from the injured worker through other means.

26.    California Labor Code Section 4615, enacted by the California Legislature through Senate Bill 1160 ("SB1160"), retroactively interferes with the obligation of insurance companies and self-employed providers to pay the providers who treat California's workers.  Under Labor Code Section 4615, if a medical provider is criminally charged with *any* type of medical insurance fraud, that provider cannot enforce his or her rights to collect on liens for treatment rendered to injured workers, even if the treatments and services were pre-authorized by the employer or insurance company, even if the treatments and services were *wholly unrelated* to any alleged wrongdoing, and even if the criminal charges lack merit or are the result of prosecutorial overreach or misconduct.  There is no hearing, no discretion, and no due process.  The provider's liens are summarily frozen until such time as the criminal proceeding is complete.

27. Worse yet, by its terms Labor Code Section 4615 does not toll the statute of limitations on the frozen liens during the pendency of the criminal action.  White-collar criminal proceedings often take years to resolve.  To give just one example, Plaintiff Eduardo Anguizola, M.D., was originally indicted on June 14, 2014—nearly three years ago.  Since that time, his case has gone up to the California Court of Appeal, resulting in the charges briefly being dismissed and then filed anew.  Despite the fact that nearly three years have passed, there is no trial date in sight.  It is quite likely that Defendants will argue that Dr. Anguizola and the other Plaintiffs, and indeed, the more than 110 charged providers around the state in similar situations, are not really being harmed by Labor Code 4615, because the freeze is merely temporary.  For Dr. Anguizola and providers in similar situations, however, it is quite likely that the freeze will permanently bar them from being paid for their

CIVIL RIGHTS COMPLAINT

professional services, even for treatments unrelated to any criminal charges, to the extent that the limitations period expires before their criminal cases are resolved. Moreover, even the "temporary" stay so severely impairs their rights that it rises to the level of unconstitutionality.

28. According to Defendant Christine Baker, who is the Director of the California Department of Industrial Relations, the purpose of imposing this "freeze" on providers' liens was to impose substantial, ongoing, and intentional financial duress on the Provider Plaintiffs such that their ability to retain defense counsel will be directly impinged:

> Since 2014, this is the role of 1244 and 1160, again another targeting of the skew, approximately there have been 100 indictments of California worker's comp providers, ... **When we had our fraud meetings across various groups, the DA's were the ones who said we are in the courts trying to convict the doctors … Can you do something about it? … Their defense was getting paid for by the liens ….  And, we have stayed all those liens**.

In other words, the *very purpose* of SB1160 was to interfere with providers' Sixth Amendment rights.  The law encourages prosecutors simply to charge providers with fraud—regardless of the evidence—knowing that merely to *charge* is to deprive the doctor of the ability to defend.

29. Labor Code Section 4615 is also unconstitutional in other ways. First, the law obliterates the vested contractual rights of both the medical providers who are legally entitled to payment *and* the purchasers of receivables, all in violation of the Contract Clause.  Second, the law interferes with the administration of federal bankruptcy cases where the liens represent assets and income to the estate, in violation of the Supremacy Clause.  Third, the law violates the Due Process Clause on the grounds of its far-reaching retroactivity, its overbreadth and its lack of connection to any legitimate public purpose.  Fourth, the law represents an unlawful government taking for which no compensation, just or otherwise, has been paid.  No set of circumstances exists under which Labor Code Section 4615 would be valid.

**LABOR CODE SECTION 4615**

30.    On February 18, 2016, California State Senator Tony Mendoza introduced SB1160.  The bill was sold as a framework for increasing administrative penalties imposed on employers who refuse to submit injury and medical data to the Workers' Compensation Information System.  SB1160 originally contained no provisions affecting the liens of medical providers, and the issue of "freezing" the liens of criminally charged providers was never mentioned in any of the Legislature's numerous hearings on the bill. The principal sponsor publicly stated that last-minute amendments imposing the lien freeze "were negotiated to get employers and carriers to agree to relax the rules on utilization review."

31.    During the spring and most of the summer of 2016, the bill wended its way through various committee hearings, none of which addressed issues related to liens or criminally charged providers.  For example, in a June 22, 2016, hearing Senator Mendoza characterized the bill as "an important reform measure that will improve the intercollection of medical treatment delivery for California's injured workers."  Neither Mendoza nor any of the other proponents of SB1160 mentioned the possibility of a lien-freeze provision in the public hearings on the bill.

32.    Nine days before the legislative session closed, "Section 7" (which would become Labor Code Section 4615) was added, changing the meaning, tenor and thrust of SB1160 to stay the collection of all liens for treatment previously rendered by providers who have been criminally charged with medical or insurance fraud regardless of whether there is any relationship between the criminal allegation and the lien.  With no discussion of Labor Code Section 4615, and focusing only on the initial purposes of the bill, the California State Assembly passed the bill on August 30, 2016; the Senate passed it on August 31, 2016.  On September 30, 2016, Governor Brown signed, and the law became effective on January 1, 2017.  As

required, the DIR compiled a list of criminally charged medical providers and posted it on its website.

33.    Labor Code Section 4615, which was Section 7 of SB1160, reads as follows:

(a) **Any** lien filed by or on behalf of a physician or provider of medical treatment services under Section 4600 or medical-legal services under Section 4621, and any accrual of interest related to the lien, **shall be automatically stayed upon the filing of criminal charges** against that physician or provider for an offense involving fraud against the workers' compensation system, medical billing fraud, insurance fraud, or fraud against the Medicare or Medi-Cal programs. The stay shall be in effect from the time of the filing of the charges until the **disposition** of the criminal proceedings. The administrative director may promulgate rules for the implementation of this section.

(b) The administrative director shall promptly post on the division's Internet Web site the names of any physician or provider of medical treatment services whose liens were stayed pursuant to this action.

(Emphasis added.)  The law does not indicate the source of the DIR's list of charged providers, supporting the inference that such information would likely be provided either from prosecutors or insurance defense counsel.

34.    During an Assembly Committee hearing on August 25, 2016, it became apparent that the purpose of Labor Code Section 4615 was to mollify insurance companies, which complained that "they are forced by workers' compensation judgments to settle by paying substantial funds on liens that are believed to be inappropriate." In other words, the insurance companies intervened in SB1160 because they wanted to bypass the WCAB judges.

35.    A vague reference to combating fraud was made when the Assembly voted on the bill on August 30, 2016.  Combating fraud was also included in the legislative recitals.  However, Labor Code Section 4615 was not even mentioned during that day's Senate Committee hearing.  What's more, the Senate passed the bill after being informed that Labor Code Section 4615 was unlikely to survive a court challenge. The sudden addition of Labor Code Section 4615 indicates out-of-session influence.  Christy Bouma, the bill's main sponsor, indicated that the late addition of the freeze was "negotiated to get employers and carriers to agree to relax

the rules on utilization review." Media reports confirm that the true purpose of the provision was to act as a last-minute "horse trade" at the behest of insurers, in exchange for their non-opposition to other parts of the bill.

36.   Labor Code Section 4615 took effect on January 1, 2017. That day, the law barred Plaintiffs—providers, lien purchasers, and a Bankruptcy Trustee—from enforcing insurers' contractual obligations to pay for previously approved treatments, even when it was undisputed that such treatments were unrelated to any alleged misconduct. Within three weeks of the law's enactment, the California Department of Industrial Relations ("DIR") boasted that it had stayed more than 200,000 liens with a total value of more than $1 billion. The DIR did not indicate which—if any—of those liens involved treatment that was connected to any wrongdoing.

**AS INTENDED, THE LAW IS BARRING THE COLLECTION OF "UNTAINTED" LIENS AND PREVENTING SOME CHARGED PROVIDERS FROM EXERCISING THEIR RIGHT TO COUNSEL**

37.   Dr. Anguizola is 69 years old and has been treating injured workers in the area of pain management for decades. He is highly respected in both the medical community and the Latino community. Dr. Anguizola's patients are frequently low- to middle-income Spanish speakers. Dr. Anguizola was indicted on June 14, 2014, on a single count of insurance fraud. After the DA amended the charges to expand the charges to a staggering 149 felony counts, the California Court of Appeal ordered the charges set aside because the overcharged defendants were entitled to a finding of probable cause as to each count. All of the charges were dismissed on June 28, 2016. Unmoved by the appellate court's counsel to avoid meritless overcharging, the Orange County DA filed 80 new counts against Dr. Anguizola (and many others). Dr. Anguizola has not pled guilty to any charges, has not had a preliminary hearing, and does not have a trial date. Because of the mere fact that charges have been filed, all lien debt owed to Dr. Anguizola and his

medical practices by the insurance carriers has been frozen.  As a direct result of the lien freeze, Dr. Anguizola's financial situation is dire, and he cannot to mount a defense against the charges.  It is estimated that Dr. Anguizola's trial will cost at least $250,000, plus expert witness fees.  Because of the freeze, Dr. Anguizola and his medical practices no longer see workers' compensation patients, and almost all of those patients have lost their primary treating physician.

## THE LAW IS BARRING CALIFORNIA BUSINESSES WITH A CONTRACTUAL RIGHT TO COLLECT ON WORKERS' COMPENSATION LIENS FROM ENFORCING THAT RIGHT

38.    In May 23, 2013, Vanguard Medical Management Billing, Inc. purchased receivables from Proove Biosciences Incorporated consisting of billings for diagnostic tests that medical providers performed; two of the medical providers who prescribed and performed these diagnostic tests have since been subsequently charged with offenses related to medical fraud.  Now that SB1160 has passed, the liens that Vanguard purchased for the test kits have been stayed indefinitely, notwithstanding the fact that the vast majority of those liens are entirely unrelated to any alleged misconduct charged against those two medical providers.

## THE LAW IS INTERFERING WITH THE SMOOTH OPERATION OF THE BANKRUPTCY COURTS BY BARRING BANKRUPTCY TRUSTEES FROM COLLECTING ON MONIES OWED

39.    On December 5, 2016, Judge Houle appointed Plaintiff David Goodrich (the "Allied Trustee") as the Chapter 11 Trustee in In Re Allied Medical Management, Inc., Case No. 6:16-BK-14273-MH (Bktcy. C.D. Cal.), a Chapter 11 bankruptcy case involving a debtor that alleges a contractual right to collect on workers' compensation liens arising out of professional services rendered by Plaintiff Dr. Anguizola's medical groups (OSM, OST and Nor Cal) and other, nonrelated providers.  The Allied case is being heard in the Eastern Division because the debtor, Allied Medical Management, Inc. ("Allied"), has its principal

place of business in the Eastern Division.  The responsibilities of the Allied Trustee include operating Allied's business for the benefit of the creditors of that company.  Upon the filing of the bankruptcy case, an estate is created (the "Allied Estate"), which includes all legal or equitable interests of the debtor.  11 U.S.C. §541.  The primary asset of the Allied Estate is the right of the debtor (now the Allied Trustee) to collect on the workers' compensation liens, and to receive the Allied Estate's contractual compensation arising out of such collections.  Judge Houle approved the Allied Trustee's engagement of the Medi-Tech Specialty Service, Inc. ("Medi-Tech") to collect on the receivables.  Because the Orange County DA has charged Dr. Anguizola with prescribing non-narcotic pain relieving creams as part of a fraudulent scheme, the Allied Trustee cannot now collect on *any* of the OSM, OST or Nor Cal receivables, even those with no relationship to the charges.  Prior to the passage of SB1160, the Allied Estate was collecting approximately $100,000 per month. Now, when the Trustee's agent goes to the WCAB to enforce liens, the WCAB outright rejects the claim, citing Labor Code Section 4615.  Collections have dropped to less than $30,000 per month, putting the orderly administration of the Allied bankruptcy into complete chaos and in jeopardy of failing.  Allied's accounts with Dr. Anguizola's entities constitute the largest asset in the Allied Estate.  Being deprived of the revenue from those accounts, the Allied Trustee has been deprived of the ability to pay for such necessary items as utilities, payroll, insurance, and even the fees due to the Office of the United States Trustee, a division of the United States Department of Justice.

## INJUNCTIVE RELIEF

40.   Plaintiffs are entitled to preliminary and permanent injunctions. Defendants are acting and threatening to act under color of state law to deprive Plaintiffs of their constitutional rights. Plaintiffs will suffer irreparable injury and will continue to suffer a real and immediate threat of irreparable injury as a result of the existence, operation, enforcement, and threat of enforcement of Labor Code

Labor Code Section 4615.  Plaintiffs have no plain, adequate, or speedy remedy at law.

### DECLARATORY RELIEF

41.    An actual and immediate controversy exists between Plaintiffs and Defendants. Plaintiffs contend that Labor Code Section 4615 is unlawful and unconstitutional.  Defendants believe that Labor Code Section 4615 is lawful.

42.    Plaintiffs are therefore entitled to a declaration of rights with respect to this controversy. Without such a declaration, Plaintiffs will be uncertain of their rights and responsibilities under the law.

### FIRST CLAIM FOR RELIEF

### Right to Counsel

### 42 U.S.C. § 1983, Sixth Amendment, Fourteenth Amendment, United States Constitution; Art. 1, § 15, California Constitution

### Plaintiff Eduardo Anguizola, M.D. against all Defendants

43.    The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

44.    Labor Code Section 4615 unconstitutionally infringes or imminently threatens to infringe the freedom of Plaintiff Anguizola to fully exercise his right to counsel, as guaranteed by the Sixth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution, and as guaranteed by Article 1, Section 15 of the California Constitution.

45.    By acting and threatening to act under color of state law to deprive Plaintiff Anguizola of rights guaranteed by the Constitution and laws of the United States, Defendants have violated and threaten to continue to violate 42 U.S.C. § 1983.

46.    Wherefore, Plaintiff Anguizola is entitled to a declaratory judgment, preliminary and permanent injunctive relief, and such other relief as the court deems just.

**SECOND CLAIM FOR RELIEF**

**Contract Clause**

**42 U.S.C. § 1983, Article 1, Section 10, clause 1, Fourteenth Amendment, United States Constitution; Art. 1, § 9, California Constitution**

**All Plaintiffs against all Defendants**

47.    The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

48.    Labor Code Section 4615 unconstitutionally impairs the obligation of contracts in violation of Plaintiffs' rights as guaranteed by Article 1, Section 1, clause 1 of the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution, and as guaranteed by Article 1, Section 9 of the California Constitution, all of which prohibit Defendants from interfering with existing contracts.

49.    By acting and threatening to act under color of state law to deprive Plaintiffs of rights guaranteed by the Constitution and laws of the United States, Defendants have violated and threatened to continue violating 42 U.S.C. § 1983.

50.    Wherefore, Plaintiffs are entitled to a declaratory judgment, preliminary and permanent injunctive relief, and such other relief as the court deems just.

### THIRD CLAIM FOR RELIEF

**Due Process**

**42 U.S.C. § 1983, Fifth Amendment, Fourteenth Amendment, United States Constitution; Art. 1, § 7, California Constitution**

**All Plaintiffs against all Defendants**

51.   The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

52.   Labor Code Section 4615 violates Plaintiffs' due process rights as guaranteed by Article 1, Section 1, clause 1 of the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution, and as guaranteed by Article 1, Section 7 of the California Constitution, in that it is retroactive in violation of Plaintiffs' substantive due-process rights and in that it automatically freezes liens with no notice or opportunity to be heard in violation of Plaintiffs' procedural due-process rights.

53.   By acting and threatening to act under color of state law to deprive Plaintiffs of rights guaranteed by the Constitution and laws of the United States, Defendants have violated and threatened to continue violating 42 U.S.C. § 1983.

54.   Wherefore, Plaintiffs are entitled to a declaratory judgment, preliminary and permanent injunctive relief, and such other relief as the court deems just.

### FOURTH CLAIM FOR RELIEF

**Supremacy Clause**

**42 U.S.C. § 1983, Article 6, clause 2, United States Constitution**

**Plaintiff Goodrich against all Defendants**

55.   The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

56.   Labor Code Section 4615 violates the Supremacy Clause of the United States Constitution (Article 6, clause 2) in that directly usurps the powers given to

the United States Bankruptcy Court and the Bankruptcy Trustee by the United States Bankruptcy Code to administer bankrupt estates, including bankrupt estates that are owed funds pursuant to liens that have been frozen.

57.     By acting and threatening to act under color of state law to deprive Plaintiff Goodrich of rights guaranteed by the Constitution and laws of the United States, Defendants have violated and threatened to continue violating 42 U.S.C. § 1983.

58.     Wherefore, Plaintiff Goodrich is entitled to a declaratory judgment, preliminary and permanent injunctive relief, and such other relief as the court deems just.

## FIFTH CLAIM FOR RELIEF

### Takings Clause

### 42 U.S.C. § 1983, Fifth Amendment, United States Constitution;

### Article I, § 19, California Constitution

### Plaintiff Eduardo Anguizola, M.D. against all Defendants

59.     The allegations of the preceding paragraphs are incorporated as though fully set forth herein.

60.     Labor Code Section 4615 violates the Takings Clause of the United States Constitution (Fifth Amendment) in that takes Plaintiff's private property, the professional fees represented by the liens, for public use, without just compensation.

61.     Labor Code Section 4615 violates the Takings Clause of the California Constitution (Article I, § 19) in that takes and/or damages Plaintiff's private property, the professional fees represented by the liens, for public use, without first paying just compensation either to Plaintiff himself or to the court.

62.     By acting and threatening to act under color of state law to deprive Plaintiff Anguizola of rights guaranteed by the Constitution and laws of the United States, Defendants have violated and threatened to continue violating 42 U.S.C. § 1983.

1    63.    Wherefore, Plaintiff Anguizola is entitled to a declaratory judgment,

2 preliminary and permanent injunctive relief, and such other relief as the court deems

3 just.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER**

Plaintiffs respectfully request the following relief:

1.    A declaratory judgment holding that Labor Code Section 4615 violates the United States Constitution and the California Constitution.

2.    A preliminary injunction and permanent injunction prohibiting Defendants from enforcing Labor Code Section 4615.

3.    An award to Plaintiffs of costs and reasonable attorneys' fees.

4.    An award of any such other relief as this Court may deem just and proper.

THE ARMENTA LAW FIRM, A.P.C.

Dated: May 17, 2017

By: _____
                    M. Cris Armenta
                    Attorneys for Plaintiffs