1    XAVIER BECERRA
     Attorney General of California
2    MARK R. BECKINGTON
     Supervising Deputy Attorney General
3    AMIE L. MEDLEY
     Deputy Attorney General
4    State Bar No. 266586
      300 South Spring Street, Suite 1702
5     Los Angeles, CA  90013
      Telephone:  (213) 269-6226
6     Fax:  (213) 897-5775
      E-mail:  Amie.Medley@doj.ca.gov
7    *Attorneys for Defendants Andre Schoorl and*
    *George Parisotto*

8

           IN THE UNITED STATES DISTRICT COURT

9

        FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

              CENTRAL CIVIL WEST

11

12

| | |
|---|---|
| 13   VANGUARD MEDICAL MANAGEMENT BILLING, INC., a California corporation; ONE-STOP MULTI-SPECIALTY MEDICAL GROUP, INC., a California corporation; ONE-STOP MULTI-SPECIALTY MEDICAL GROUP & THERAPY, INC., a California corporation; NOR CAL PAIN MANAGEMENT MEDICAL GROUP, INC., a California corporation; EDUARDO ANGUIZOLA, M.D., an individual, DAVID GOODRICH, in his capacity as Chapter 11 Trustee; and MESA PHARMACY, INC., <br><br>                    Plaintiffs, <br><br>      v. <br><br>ANDRE SCHOORL, in his official capacity as Acting Director of the California Department of Industrial Relations; GEORGE PARISOTTO, in his official capacity as the Acting Administrative Director of the California Division of Workers Compensation; and DOES 1 through 10, inclusive, <br><br>                 Defendants. | 5:17-cv-00965 <br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL PLEADING** <br><br>Date:        August 28, 2018 <br> Time:       8:30 a.m. <br> Courtroom:   9D <br> Judge:       Hon. George H. Wu <br> Trial Date:   Not Set <br> Action Filed: May 17, 2017 |

**INTRODUCTION**

More than a year after this case was filed, Plaintiffs ask this Court for leave to file a supplemental pleading to (1) add a cause of action for alleged procedural due process violations as-applied to Plaintiff Vanguard and to Mesa Pharmacy; (2) add allegations regarding events that have occurred recently—since this Court's entry of a preliminary injunction in December 2017; and (3) add Mesa Pharmacy as a plaintiff.  The proposed supplemental pleading includes new allegations accusing Defendants and workers' compensation judges (WCJs) of departing from the usual rules and procedures applicable to lien proceedings in workers' compensation courts, most of which are alleged to have begun since January 2018.  The motion should be denied as the proposed supplemental pleading would serve only to confuse the issues, delay the action, and cause Defendants undue prejudice.

The motion is just the latest example of Plaintiffs' continuing practice of attempting to insert new and different allegations into the case.  At each round of briefing and each hearing in this action they have piled on new allegations of purported wrongdoing.  This continuing onslaught of new and different allegations is prejudicial to Defendants because it creates a moving target; Defendants hardly have an opportunity to address one accusation before Plaintiffs present another, often based on WCJs' day-to-day management of their courtrooms.  Defendants are also prejudiced because they are currently subject to a preliminary injunction and will continue to be during any further delays caused by Plaintiffs' expansion of this case to include a new cause of action based on new events asserted by a new plaintiff.

This case should proceed to a final adjudication of the facts and issues that existed at the time of the original complaint and at the time preliminary relief was granted.  Defendants are entitled to obtain certainty in a timely manner about whether the injunctive relief will continue permanently and, if so, in what form.

**BACKGROUND**

In its order on Defendants' motion to dismiss claims from the Second Amended Complaint, this Court stated that it would "wait to determine whether the allegations in the SAC are sufficient to state a procedural due process claim" until either the parties stipulated to waive the Federal Rule of Civil Procedure 15(d) issues Defendants have raised or Plaintiffs filed a motion for leave to file a supplemental pleading. Dkt. 100 at 24. Plaintiffs filed their motion on July 27, 2018. Dkt. 103. Defendants file this opposition in response.

**ARGUMENT**

A supplemental pleading is used to allege relevant facts occurring after the original pleading was filed: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleading is 'favored,' . . . it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Rule 15(d) is to be liberally construed, but only "absent a showing of prejudice to defendant." *Keith v Volpe*, 858 F.2d 467, 475 (9th Cir. 1988).

Plaintiffs should not be granted leave to file a supplemental pleading. The new cause of action Plaintiffs seek to add would present a separate and distinct action from those alleged in the original complaint. Defendants will be prejudiced if the supplemental pleading is allowed because the new allegations would expand the case and further delay a final adjudication of the preliminary injunction currently in place. And Plaintiff's continued attempts to brings new issues into the case on a rolling basis prejudices Defendants by delaying adjudication and by continually changing and expanding what is at issue in the case. Granting the motion for leave to file a supplemental pleading would not, in this case, lead to greater judicial efficiency; in fact, just the opposite would occur.

I. **PLAINTIFFS SHOULD NOT BE PERMITTED TO ADD A NEW CAUSE OF ACTION VIA SUPPLEMENTAL PLEADING**

    A. **The Cause of Action Plaintiffs Seek to Add Is Separate and Distinct From Those in the Original Complaint**

The original complaint in this matter alleged a facial due process challenge to California Labor Code section 4615, but did not include an as-applied challenge. Dkt. 1. After the Court ruled on Plaintiffs' motion for preliminary injunction, Plaintiffs amended their Complaint to add a new cause of action to bring an as-applied due process. The new cause of action, however, is not based on conduct that occurred before the original complaint was filed in this action. It was based on various allegations regarding events that occurred since the original complaint was filed and after this Court granted in part Plaintiffs' motion for preliminary injunction.

- Allegations regarding the allegedly "new protocol" of using continuances to delay lien proceedings (SAC ¶ 47));

- Allegations relating to the alleged "new procedure" of *ex parte* communications between WCJs and the legal department of the Office of the Director (OD Legal) regarding the merits of individual cases (SAC ¶ 48));

- Allegations related to the alleged "new procedure" of requiring OD Legal to be made a party to lien proceedings (*Id.*);

- Allegations related to the alleged "new procedure" of posting on the Department of Industrial Relations (DIR) website the information on which the Anti-Fraud Unit relied in determining that a lien claimant should be flagged as having potentially stayed liens (*Id.*);

- Allegations related to the purported "introduction of new lien procedures each time there is a development in the instant case and each time it appears that a lien claimant might actually win at a hearing" (*Id.*); and

• The allegation that Defendants have "even since the last hearing . . .

further compounded [the] due process problems." (*Id.*).

These are the same/similar allegations to those Plaintiffs seek to add now via supplemental pleading.[1]  Motion at 2.

## B.    Defendants Will Be Prejudiced If the Supplemental Pleading Is Allowed

Defendants will suffer prejudice if Plaintiffs are allowed to file a supplemental pleading for several reasons.  First and foremost, this Court has already granted limited preliminary injunctive relief in this case, following eight months of briefing and hearings on Plaintiffs' motion for preliminary injunction. Dkt. 81.  Defendants are subject to that preliminary injunction during the pendency of this litigation.  But "preliminary injunctions are just that—preliminary." *S. Oregon Barter Fair v. Jackson Cty.*, 372 F.3d 1128, 1136 (9th Cir. 2004).  It is "expected that 'presentation of evidence' will affect the findings" made by a court in deciding a preliminary injunction motion.  *Sports Form, Inc. v. UPI*, 686 F.2d 750, 753 (9th Cir. 1982).  Defendants are entitled to a final adjudication, based on evidence relating to the bases for the original complaint and Plaintiffs' preliminary injunction motion, on whether the preliminary injunction is merited as well as whether and in what form it will continue after the conclusion of this litigation.

Allowing Plaintiffs to add allegations regarding events that have occurred not only since the filing of the original complaint but since the entry of the injunction in December 2017 will expand and complicate the case, further delaying a final adjudication on the original complaint and the appropriate permanent injunctive relief, if any.  Plaintiffs have stated their intention to file another motion for preliminary injunction if their motion to supplement is granted. Dkt. 103-1 at 2.  It could take a significant amount of time to litigate a second motion for preliminary

---

[1] Plaintiffs have not provided a specific supplemental pleading, but instead cite the Second Amended Complaint for the allegations they seek to add.

1    injunction, which would be premised on allegations having little to do with those at

2    issue in the original complaint and the first preliminary injunction motion (aside

3    from Plaintiffs' allegation that they present due process issues).  Defendants will be

4    prejudiced by the additional time it will take to litigate a second preliminary

5    injunction motion, as they will remain subject to the current injunction for the

6    duration and will be prejudiced by the continuing uncertainty surrounding the

7    application of Section 4615.

8         Aside from the pending injunction, Defendants will be prejudiced if Plaintiffs

9    are granted leave to file their supplemental pleading due to the ongoing expansion

10   of the facts and events at issue in the case, which has already been pending for over

11   a year.  Every time Defendants take any action in implementing Section 4615,

12   Plaintiffs run into this Court to accuse them of yet another due process violation.

13   Plaintiffs' motion argues that "[e]ven since the last hearing, the state has further

14   compounded its due process problems, evidence of which will be presented in

15   Mesa's upcoming Motion for Preliminary Injunction."  Motion at 2.  And Plaintiffs

16   seek to add allegations regarding the "introduction of new lien procedures each

17   time there is a development in the instant case."  *Id*.  These statements demonstrate

18   the problem with the proposed supplemental pleading: there is simply no end to the

19   allegations Plaintiffs want to bring into this litigation.  The insistence that Plaintiffs

20   should be allowed to continually add allegations on a rolling basis as the WCJs go

21   about their work in handling the lien cases before them is untenable and prejudices

22   Defendants by creating a moving target that they are unable to address in an

23   effective manner.  There must be a definite end point for the issues that will be

24   litigated in this action.  Any other, more recent issues may be addressed in a

25   separate action, one that has not already been pending for fourteen months and

26   resulted in preliminary injunctive relief against the Defendants.  This Court can and

27   should exercise its discretion to deny the motion for leave to file a supplemental

28   pleading.  *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008)

1    (denying leave to supplement because "[t]o continue adding claims or defendants

2    will prolong the suit for an indefinite amount of time.  Because the originally

3    named defendants could be prejudiced by yet another delay and because of the

4    length of time this case has been pending, the court exercises its discretion in

5    denying plaintiff's motion to add defendants or a separate claim.")

6        **C.    Allowing the Supplemental Pleading Will Not Promote Judicial**
             **Efficiency**
7

8        Rule 15(d) "is a tool of judicial economy and convenience" that "permits the

9    bringing of new claims in a supplemental complaint to promote the economical and

10   speedy disposition of the controversy."  *Keith*, 858 F.2d. at 473; cf. *Villas at*

11   *Parkside Partners v. City of Farmers Branch*, 577 F. Supp. 2d 880, 886 (N.D. Tex.

12   May 28, 2008) (court may deny leave to file supplemental counterclaim that would

13   "indefinitely and unnecessarily delay the Court's ultimate resolution of Plaintiff's

14   claims").  As mentioned, this action has already been pending for more than

15   fourteen months.  It has involved several rounds of briefing on Plaintiffs'

16   preliminary injunction motion and Defendants' two motions to dismiss.  Allowing

17   the supplemental pleading—and, by extension, the preliminary injunction motion

18   Plaintiffs wish to file based on the new allegations—will not promote judicial

19   efficiency.  Just the opposite—the addition of the new cause of action and added

20   allegations will expand the scope of the litigation and further delay the resolution of

21   the original issues presented in this action.

22   **II.   PLAINTIFFS SHOULD NOT BE PERMITTED TO ADD MESA PHARMACY AS**
          **A PLAINTIFF**
23

24       In addition to the new cause of action and the new allegations regarding recent

25   events, Plaintiffs seek to add a new Plaintiff, Mesa Pharmacy.  Dkt. 103-1 at 1.  In

26   the proposed Second Amended Complaint, Mesa Pharmacy was included in the

27   new as-applied due process cause of action as well as the facial due process

28   challenge and contracts clause claim.  According to the Second Amended

1   Complaint, Mesa Pharmacy is "a full-service retail pharmacy specializing in
2   pharmaceutical compounding" which "has not been charged with any species of
3   criminal wrongdoing" but has had its liens flagged under Section 4615.  Dkt. 96 at
4   ¶ 17.

5        The addition of Mesa Pharmacy, to the extent it is based on the new
6   allegations regarding recent events, should not be permitted.  Not only would Mesa
7   Pharmacy be a new plaintiff, its as-applied due process claim would be based on an
8   entirely different set of facts than those alleged in the original complaint.  And
9   Plaintiffs have offered no reason why it is necessary to add Mesa Pharmacy to the
10  causes of action already alleged on behalf of the other Plaintiffs (the facial
11  procedural due process claim and the contracts claim).

12       Plaintiffs argue in their motion that Defendants' counsel did not object to the
13  addition of Mesa Pharmacy during the telephonic meet and confer on Defendants'
14  motion to dismiss the First Amended Complaint (which was combined with the
15  meet and confer on Plaintiffs' motion for contempt).  It is unclear whether Plaintiffs
16  believe this means that Defendants have waived the argument or that Defendants
17  have not sufficiently complied with Local Rule 7-3.  Neither is the case.  First,
18  Plaintiffs offer no support (and counsel for Defendants can find none) that an
19  objection or argument can be waived because it was not specifically discussed
20  during the meet and confer process.  Second, the purpose of Local Rule 7-3 is for
21  counsel to discuss a contemplated motion so that they may "reach a resolution
22  which eliminates the necessity for a hearing."  C.D. Cal. L-R. 7-3.  Plaintiffs do not
23  deny that a meet and confer telephone call took place and that the substance of
24  Defendants' motion to dismiss was discussed.  Surely Plaintiffs do not contend that
25  had Defendants' counsel specifically stated an objection to the addition of Mesa
26  Pharmacy that the motion to dismiss could have been resolved and the need for a
27  hearing avoided.  Plaintiffs were given notice that Defendants planned to file a
28

1   motion to dismiss on various grounds.  Defendants did not waive the Rule 15(d)

2   argument or fail to comply with Rule 7-3.

3                                          **CONCLUSION**

4           For the foregoing reasons, Defendants request that Plaintiffs' motion to amend

5   be denied.

6

7   Dated:  August 9, 2018                          Respectfully submitted,

8                                                   XAVIER BECERRA
                                                    Attorney General of California
9                                                   MARK R. BECKINGTON
                                                    Supervising Deputy Attorney General
10

11

12                                                  /s/ Amie L. Medley_____
                                                    AMIE L. MEDLEY
13                                                  Deputy Attorney General
                                                    Attorneys for Defendants Andre
14                                                  Schoorl and George Parisotto

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Case Name:   **Vanguard Medical**          No.   **5:17-cv-00965**
             **Management, et al. v. Christine**
             **Baker, et al.**

I hereby certify that on August 9, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OPPOSITION TO PLAINTIFFS' MOTION TO FILE SUPPLEMENTAL PLEADING

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 9, 2018, at Los Angeles, California.


_____          _____
     Beth Capulong
      Declarant                            Signature

62914265.docx